

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 7, 1961

Mr. C. H. Cavness
State Auditor
State Office Building
Austin, Texas

Opinion No. WW-1215

Re: Proper state agency to
keep inventory records
of state real property
acquired by the State
Building Commission
for state building sites
and properties.

Dear Mr. Cavness:

You have recently requested the opinion of this
office as to the proper agency to keep inventory records
of state real property acquired by the State Building
Commission for state building sites and properties.

Your letter requesting the opinion as to the
above question states in part as follows:

"Various real properties acquired by
the State prior to the creation of the
Building Commission are carried in the
records of the State Board of Control,
some having been first set up years ago
at such prices as could be determined from
old cost records . . . and all others,
acquired in comparatively recent years, having
been entered at their costs. Properties
acquired by or through the Building Commis-
sion since its creation are carried in the
records of the Building Commission at their
costs. It is the State Auditor's belief
that all of these real properties should
be put into the records of one or the other,
and we do not feel that which one if of
particular importance."

Subsection c of Section 51b, Article III, Texas
Constitution is quoted as follows:

"Under such terms and conditions as

are now or may be hereafter provided by law, the Commission may acquire necessary real and personal property, salvage and disposal of property unsuitable for State purposes, modernize, remodel, build and equip buildings for State purposes, and negotiate and make contracts necessary to carry out and effectuate the purposes herein mentioned."

Section 3, Article 678m, Vernon's Civil Statutes, reads as follows:

"The Commission shall have the authority to promulgate such rules and regulations it deems proper for the effective administration of this Act. Under such terms and conditions as may be provided by law, the Commission may acquire necessary real and personal property, modernize, remodel, build and equip buildings for State purposes, . . ."

Section 7, Article 678m, Vernon's Civil Statutes, reads as follows:

"The Commission shall obtain title for the State and retain control of the real property acquired for sites and of the buildings located thereon until final construction is completed and the buildings are occupied by the State agencies to be housed therein, at which time the management and control of said buildings shall be transferred to the Board of Control. Except as otherwise provided in this Act, the initial occupants shall be those State agencies agreed upon by the Commission and the Board of Control."

Section 8, Article 678m, Vernon's Civil Statutes, is quoted as follows:

"The Commission shall have the authority to call on any Department of State Government to assist it in carrying out the duties of the Commission and particularly, it shall be the duty of the Board of Control to do and perform such acts and functions in connection with this Act as the Commission may direct; and to that end

any portion of the money appropriated to the
Commission may be allocated by the Commission
to the Board of Control and expended by it under
the direction of the Commission in carrying out
the provisions of this Act."

Ownership of all of the real properties acquired
by the State Building Commission is, of course, in the State
of Texas and the question asked, simply, is whether the
State Building Commission or the Board of Control should
keep the inventory records on all such properties.  The
answer must be found in the intent of the legislature as
indicated by the passage of Article 678m, Vernon's Civil
Statutes and the sections thereunder.

In 1955, under the authority of Section 51b,
Article III of the Texas Constitution, legislation was
passed authorizing a new state agency to be known as the
State Building Commission, giving this commission broad
duties and powers as set out in the above quoted sections,
the effective date of this legislation being June 24, 1955.
We thus find that as of the passage of this legislation
the custody and control of the real properties acquired for
sites and buildings to be occupied by the State agencies
were transferred by legislative enactment from the Board
of Control to the State Building Commission.  Although
under Section 7 of Article 678m, when the buildings are
completed and occupied by the State agencies, the management
and control of said buildings are to be transferred to the
Board of Control, Section 8, Article 678m, states that,
". . . it shall be the duty of the Board of Control to do
and perform such acts and functions in connection with this
Act as the Commission may direct," and we are of the
opinion that the functions given the Board of Control under
this Act have to do, mainly, with the management of the
buildings after being occupied by the State agencies and
the control of the personal property located therein and
that any additional duties given the Board of Control as
to state building  sites and properties are to be delegated
to the Board of Control by the State Building Commission.

It is generally conceded that in the interest of
efficiency and sound business practice the responsibility
for the inventory records of all real properties acquired
for building purposes by the State Building Commission and
the Board of Control, past or present, should be placed in
one agency.  By the passage of Article 678m authorizing
the State Building Commission and giving broad powers to

this agency, we think it clear that the Legislature intended that the State Building Commission should have the authority to make the decision as to which agency should be given the responsibility of keeping the inventory records as to real property acquired by the state for building purposes. If the commission feels that it would be more feasible for the records to be kept under the supervision of the Board of Control, it has the power, under Article 678m to delegate such agency to take over this activity. However, if the commission is of the opinion that the records could be kept more expeditiously by the State Building Commission itself, they may do so. In other words, it is strictly discretionary with the State Building Commission as to which agency should keep the records.

Therefore, it is the opinion of this office that the State Building Commission may delegate the Board of Control to keep the inventory records of all real properties acquired for building purposes by the state, or it may assume this duty and responsibility within its own organization.

However, we wish to point out that under sub-section 3, Article 4413a-13, Vernon's Civil Statutes, that the State Auditor is "granted the authority and it shall be his duty to require such changes in the accounting system or systems and record or records of any office, department, board, bureau, institution, commission or state agency, that in his opinion will augment or provide a uniform, adequate, and efficient system of records and accounting." Therefore, under this Article, it is also the opinion of this office that, in the absence of the delegation of this function by the State Building Commission, and in the absence of an efficient system for keeping these inventory records, this to be determined by the State Auditor, the State Auditor not only has the power but it is his duty in the interest of providing an efficient system of records, to designate either the State Building Commission or the Board of Control as the proper authority to keep the inventory records.

## S U M M A R Y

The Building Commission, under Article 678m Vernon's Civil Statutes, may designate the Board of Control as the agency responsible for keeping the inventory records on all properties acquired by the State for building sites and purposes or

the Building Commission itself may assume this responsibility. However, the State Auditor has the authority under Article 4413a-13 of Vernon's Civil Statutes to designate either the Board of Control or the State Building Commission to keep the inventory records in the event there is no efficient system of keeping these inventory records and in the absence of the delegation of this function by the State Building Commission.

Very truly yours,

WILL WILSON
Attorney General of Texas

IBW:kh                    By    Iola Barron Wilcox
                                Assistant

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Henry Braswell
Malcolm Quick
Joe B. McMaster

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.